# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Yuri M. Birg**, | Bankruptcy No. 17-bk-10670 |
| Debtor. | Honorable A. Benjamin Goldgar |

## NOTICE OF MOTION

**Please take notice** that, on **October 5, 2018, at 1:00 p.m.** or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable A. Benjamin Goldgar, United States Bankruptcy Judge for the Northern District of Illinois, at the North Branch Court (Round Lake Beach) located at 1792 Nicole Lane in Round Lake Beach, Illinois, and then and there shall present the **Koles' Motion to Modify the Automatic Stay to Collect Non-Estate Assets in State Court (§ 362)**, a copy of which is included herewith and served upon you, at which time and place you may appear.

Dated: September 28, 2018

Respectfully submitted,
**Ryan and Elizabeth Kole**

By: */s/ Thomas H. Griseta*
One of Their Attorneys

William J. Factor (6205675)
Thomas H. Griseta (6319206)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 629-2031
Fax: (847) 574-8233
Email: tgriseta@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, Thomas H. Griseta, an attorney, hereby certify that on September 28, 2018, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion* to be served on the Debtor/Defendant by First Class Mail.

*/s/ Thomas H. Griseta*

## SERVICE LIST

**Registrants**
**(Service CM/ECF)**

| | |
|---|---|
| Kimberly Bacher | Kimberly.Bacher@usdoj.gov, kimberlyabacher@hotmail.com |
| Joseph E Cohen | jcohen@cohenandkrol.com, jcohenattorney@gmail.com;gkrol@cohenandkrol.com;jneiman@cohenandkrol.com;acartwright@cohenandkrol.com |
| Robert A. Cohen | rob@robcohenlaw.com, rac082068@gmail.com |
| William J Factor | wfactor@wfactorlaw.com, wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com;wfactormyecfmail@gmail.com;factorwr43923@notify.bestcase.com |
| Ilene F Goldstein | ifgolds@aol.com, il35@ecfcbis.com |
| Ilene F Goldstein | ifgcourt@aol.com, IL35@ecfcbis.com |
| Thomas H Griseta | tgriseta@wfactorlaw.com, bharlow@wfactorlaw.com |
| Allen J Guon | aguon@foxrothschild.com, plove@foxrothschild.com;chdocket@foxrothschild.com |
| Michael W Huseman | mhuseman@dreyerfoote.com, r43214@notify.bestcase.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| James Mills | james.mills.law@gmail.com |
| David B Nemeroff | lawnemeroff@gmail.com |
| Michelle G Novick | michelle.novick@saul.com, Leanne.solomon@saul.com |
| Elliot Wiczer | ewiczer@wiczersheldon.com, anorris@wiczersheldon.com |

**Non-Registrants**
(Service via First Class US Mail)

Yuri M. Birg
1995 Hidden Ridge Lane
Highland Park, IL 60035

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Yuri M. Birg**, | Bankruptcy No. 17-bk-10670 |
| Debtor. | Honorable A. Benjamin Goldgar |

## KOLES' MOTION TO MODIFY THE AUTOMATIC STAY TO COLLECT NON-ESTATE ASSETS IN STATE COURT (§ 362)

The automatic stay should not unduly delay a creditor, as here, from collecting a non-dischargeable debt from assets that are not part of the bankruptcy estate, including post-petition earnings. As a discovery sanction, this court entered an order determining the $251,263.92 debt (the "Judgment") Yuri M. Birg (the "Debtor") owes to Ryan and Elizabeth Kole (the "Koles") is not dischargeable. To avoid undue delay and prejudice, the Court should lift the automatic stay so that the Koles can pursue their rights to collect from the Debtor's non-estate assets in state court.

## BACKGROUND

### I.     The Defendant's disobedience in state court.

1.      The Koles sued the Debtor in Cook County based upon his conduct related to the construction of their home in Glencoe, Illinois. The Koles alleged the Debtor knowingly underbid a construction project for their home and then made a series of material misrepresentations to induce the Koles to drop items from sworn statements attached to draw requests for project funds, resulting in an incomplete home and a large loss to the Koles.

2.      Defendant ignored service of the State Court complaint and all subsequent filings, thereby leading to entry of an order of default, prove-up, and entry of default judgment. The Koles promptly commenced supplementary proceedings and the Debtor ignored those too, leading to the entry of a Rule to Show

Cause and a request for a Body Attachment, which the Koles held in abeyance after the Debtor's attorney contacted the undersigned and promised that documents would be forthcoming within 14-days.

3. True to form, Defendant ignored the 14-day extension and the Cook County Court entered a Writ of Body Attachment and a finding that Defendant was in contempt.

4. While processing the writ with the Cook County Sheriff the Koles learned the Debtor filed for bankruptcy relief, thereby invoking the automatic stay.

## II. The Entry of the Non-Dischargeable Judgment.

5. The Debtor continued his disregard of Court orders and obligations as a defendant in this bankruptcy case and in the adversary proceeding the Koles' filed to have their debt declared non-dischargeable: failing to timely answer the complaint or discovery, despite repeated admonitions to do so and an order from the Court compelling him to do so.

6. Specifically, the Court entered an order on July 13, 2018, granting the Koles' request for reimbursement of attorney's fees if the Debtor did not comply with his discovery obligations and compelling the Debtor to respond to the discovery that was outstanding. The Court's order went largely ignored.

7. Plaintiffs' request for fees was granted on July 30, 2018, and Defendant was given until July 13, 2018 to pay the sanction. That order also was ignored and the sanction remains unpaid.

8. On August 14, 2018, the Koles filed a motion for entry of a default judgment against the Debtor, based upon his disobedience of the Court's orders in the Adversary Proceeding they filed to have their debt declared nondischargeable. The Koles explained that the Debtor, an attorney, exhibited willfulness, bad faith, and fault since 2016. With the exception of *one* order, the Debtor ignored every filing and every order entered by this Court and by the state court before it.[1]  In this

---

[1] The one order Defendant followed ordered him to file his late answer in this case – and only after Plaintiff brought a motion for default judgment.

case alone, Debtor ignored the original due date for his answer or other pleading, the original due dates for discovery issued to him, he ignored the extended discovery due date, which was extended by his own agreement, and he ignored this Court's order compelling responses to all outstanding discovery by July 20, 2018. A monetary sanction was awarded against Defendant which provided no motivation to Defendant to act, and which remains unpaid to date.

9.     On August 27, 2018, the Court granted the Koles' motion for entry of a judgment of default and the Court entered the Judgment the same day.

## ARGUMENT – THE STAY SHOULD BE LIFTED FOR CAUSE

10.     The purpose of the automatic stay is to protect the interests of the debtor and unsecured creditors during the administration of the bankruptcy case. The automatic stay, however, is not absolute and shall be lifted for cause. 11 U.S.C. § 362(d).

11.     *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991), sets forth the framework for determining whether the stay should be lifted to permit non-bankruptcy court litigation to proceed. That case requires consideration of whether:

> a) any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit,
>
> b) the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship of the debtor, and
>
> c) the creditor has a probability of prevailing on the merits.

*See also In re Holtkamp,* 669 F.2d 505, 508 (7th Cir. 1982) (affirming bankruptcy court order lifting stay to permit non-bankruptcy action to proceed); *Bennett v. Sveinsvoll (In re Bennett),* 376 B.R. 918, 923 (Bankr. W.D. Wis. 2007) (noting that Seventh Circuit uses *Fernstrom* factors to analyze whether to lift stay to allow non-bankruptcy litigation to proceed).

12.     In the present case, lifting the stay so that the Koles can pursue their state court remedies with respect to post-petition property will not prejudice either the bankruptcy estate or the Debtor.  For example, any garnishment proceedings to be initiated by the Koles will focus upon post-petition earnings and distributions of the Debtor personally that are of no value to the trustee or the estate.

13.     The Debtor also is not prejudiced by the initiation of garnishment proceedings, at least within the manner *Fernstrom* contemplated. The Judgment is non-dischargeable.  That the Debtor will begin paying his obligation to the Koles is of minimal prejudice to the Debtor, and certainly not the type contemplated by *Fernstrom, supra.*

14.     In contrast, the Koles would face greater hardship if this court maintains the automatic stay. The Koles have been long delayed from collecting on their judgment. It is imperative that the Koles have the opportunity to initiate garnishment and supplementary proceedings as soon as possible.

**WHEREFORE**, the Koles respectfully request that the Court enter an order, substantially in the form submitted herewith, modifying the automatic stay to permit the Koles to initiate post-judgment proceedings against the Debtor's post-petition income and other property, and granting such further relief as is appropriate under the circumstances.

Dated: September 28, 2018                      Respectfully submitted,

                                              **Ryan and Elizabeth Kole**

                                              By: */s/ Thomas H. Griseta*
                                              One of Their Attorneys

William J. Factor (6205675)
Thomas H. Griseta (6319206)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:  (312) 629-2031
Fax: (847) 574-8233
Email: tgriseta@wfactorlaw.com