34. At the aforesaid time and place, the Plaintiff was employed by VALENTINAS REKULIAKAS.

35. At aforementioned time and place, and at all times relevant, the Defendant, VALENTINAS REKULIAKAS, individually, and through its agents, servants and employees, was present during the demolition, erections, construction, repairs, alteration, removal and/or design of the Subject Property.

36. Defendant, VALENTINAS REKULIAKAS, participated or otherwise controlled the coordination of the work being done, controlled the operative details of the work, designated various work methods, maintained and checked work progress, participated in the scheduling of the work and the inspection of the work and controlled safety of work on the Subject Property.

37. Additionally, at all times relevant, Defendant, VALENTINAS REKULIAKAS, had authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was performed in a dangerous manner or for any other reason.

38. At all times relevant, Defendant, VALENTINAS REKULIAKAS, authorized and/or altered plans to work on the subject property.

39. At all times before and during the incident, Defendants VALENTINAS REKULIAKAS, owed Plaintiff the following duties:
    a. A duty to exercise reasonable care in the demolition, erection, construction, repairs, alterations and/or design of the Subject Property;
    b. A duty to exercise ordinary care to ensure the Subject Property was reasonably safe for its subcontractor, namely the Plaintiff;
    c. Secure the subject property;
    d. Provide a safe work environment to workers, namely the Plaintiff;
    e. A duty to comply with applicable ASME and OSHA safety standards and regulations;
    f. A duty to inspect the Subject Property for unsafe conditions; and

ELECTRONICALLY FILED
12/16/2016 4:08 PM
2016-L-012318
PAGE 88 of 127

g. A duty to warn Plaintiff of unsafe conditions on the Subject Property.

40. Defendants breached their duty when they committed one or more of the following negligent acts or omissions:

   a. Defendant failed to conduct a timely and reasonable inspection of the Subject Property to discover the unsecured open stairwell without railings or other adequate safety measures;
   b. Defendant failed to adequately warn Plaintiff of the unsecured, open stairwell without railings or other adequate safety measures;
   c. Failed to follow applicable ASME and OSHA standards and regulations;
   d. Defendant required Plaintiff to work in proximity with the unsecured, open stairwell without railings or other adequate safety measures;
   e. Defendant failed to provide railings or other adequate safety measures for the opening of the stairwell which it knew, or should have known existed; and/or
   f. Defendant otherwise failed to secure or cover the opening of the stairwell which it knew, or should have known existed.

41. Defendants, VALENTINAS REKULIAKAS, were the actual cause of the Plaintiff's physical injuries and damages.

42. As a direct and proximate result of Defendants', VALENTINAS REKULIAKAS, acts and omissions, Plaintiff fell down an unsecured, open stairwell and suffered the following injuries:

   a. Fracture of the lumbar spine with spinal cord injury and bruising of the abdomen that caused the Plaintiff to suffer pain and discomfort and are reasonably certain to cause Plaintiff to suffer pain and discomfort in the future;
   b. Plaintiff has lost a normal life and is reasonably certain to experience the loss of a normal life in the future;
   c. Plaintiff lost earnings and benefits and is reasonably certain to lose earnings and benefits in the future;
   d. Plaintiff has suffered and will continue to suffer permanent physical disability from his injuries; and
   e. Plaintiff incurred medical, nursing, hospital, and physical therapy expenses and is reasonably certain to incur medical, nursing, hospital, and physical therapy expenses in the future.

43. Defendant, VALENTINAS REKULIAKAS, is liable for the Plaintiff's injuries and damages.

ELECTRONICALLY FILED
12/16/2016 4:08 PM
2016-L-012318
PAGE 9 of 27

WHEREFORE, the Plaintiff, KRZYZSTOF SALEK, prays this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant, VALENTINAS REKULIAKAS, in excess of Thirty Thousand Dollars ($30,000.00), costs, and for such additional relief as the Court deems reasonable and just.

## COUNT VII PREMISES LIABILITY AS TO VALENTINAS REKULIAKAS

1-32. The Plaintiff reaffirms and re-alleges paragraphs 1-32 of the <u>General Allegations</u> as if restated herein as paragraphs 1-32 of <u>Count VII</u>.

33. The incident complained of occurred at the property commonly known as 834 Forest Avenue Deerfield, Illinois 60015 ("Subject Property").

34. Upon information and belief, at all relevant times Defendant, VALENTINAS REKULIAKAS, legally possessed the Subject Property.

35. Upon information and belief, TASKIN CONSTRUCTION, INC., were contracted to perform work on the Subject Property or were otherwise legally allowed to work on the premises.

36. At all times before and during the incident, Defendant, VALENTINAS REKULIAKAS, owed Plaintiff the following duties:

    a. A duty to exercise ordinary care to maintain the Subject Property in a reasonably safe condition;
    b. A duty to exercise ordinary care to ensure the Subject Property was reasonably safe for use of those lawfully on the Subject Property, namely the Plaintiff;
    c. A duty to secure the Subject Premises
    d. A duty to inspect the Subject Premises for unsafe conditions; and
    e. A duty to warn workers, namely the Plaintiff, of unsafe conditions on the Subject Premises.

37. Defendant, VALENTINAS REKULIAKAS, breached its duty of care when they committed on or more of the following negligent acts or omissions:

ELECTRONICALLY FILED
12/16/2016 4:08 PM
2016-L-012318
PAGE 98 of 27

a. Defendant failed to exercise ordinary care not to injure the Plaintiff;
b. Defendant's failed to conduct a timely and reasonable inspection of the are to discover the unsecured, open stairwell;
c. Defendant failed to adequately warn Plaintiff of the unsecured, open stairwell which it knew, or in the exercise of reasonable care should have known existed; and
d. Defendant failed to secure or otherwise cover the stairwell which it knew, or in the exercise of reasonable care should have known, existed.

38. As a direct and proximate result of Defendant, VALENTINAS REKULIAKAS's, acts and omissions, Plaintiff fell down an unsecured, open stairwell and suffered the following injuries:

a. Fracture of the lumbar spine with spinal cord injury and bruising of the abdomen that caused the Plaintiff to suffer pain and discomfort and are reasonably certain to cause Plaintiff to suffer pain and discomfort in the furture;
b. Plaintiff has lost a normal life and is reasonably certain to experience the loss of a normal life in the future;
c. Permanent disfigurement and disability;
d. Plaintiff lost earnings and benefits and is reasonably certain to lose earnings and benefits in the future;
e. Plaintiff has suffered and will continue to suffer permanent physical disability from his injuries; and
f. Plaintiff incurred medical, nursing, hospital, and physical therapy expenses and is reasonably certain to incur medical, nursing, hospital, and physical therapy expenses in the future.

39. Defendants, VALENTINAS REKULIAKAS, is liable for the Plaintiff's injuries and damages.

WHEREFORE, the Plaintiff, KRZYZSTOF SALEK, prays this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant, VALENTINAS REKULIAKAS, in excess of Thirty Thousand Dollars ($30,000.00), costs, and for such additional relief as the Court deems reasonable and just.

### COUNT VIII PREMISES LIABILITY AGAINST MELISSA L. HAGLE AND TODD S. HAGLE

1-32. The Plaintiff reaffirms and re-alleges paragraphs 1-32 of the <u>General Allegations</u> as if restated herein as paragraphs 1-32 of <u>Count VIII</u>.

33. The incident complained of occurred at the property commonly known as 834 Forest Avenue Deerfield, Illinois 60015 ("Subject Property").

34. Upon information and belief, at all relevant times Defendants, MELISSA L. HAGLE and TODD S. HAGLE, owned or otherwise legally possessed the Subject Property.

35. Upon information and belief, TASKIN CONSTRUCTION, INC., were contracted to perform work on the Subject Property or were otherwise legally allowed to work on the premises.

36. At all times before and during the incident, Defendants, MELISSA L. HAGLE and TODD S. HAGLE, owed Plaintiff the following duties:
    a. A duty to exercise ordinary care to maintain the Subject Property in a reasonably safe condition;
    b. A duty to exercise ordinary care to ensure the Subject Property was reasonably safe for use of those lawfully on the Subject Property, namely the Plaintiff;
    c. A duty to secure the Subject Premises;
    d. A duty to inspect the premises for unsafe conditions; and
    e. A duty to warn workers, namely the Plaintiff, of unsafe conditions on the property.

37. Defendant, MELISSA L. HAGLE and TODD S. HAGLE, breached its duty of care when they committed on or more of the following negligent acts or omissions:

    a. Defendant failed to exercise ordinary care not to injure the Plaintiff;
    b. Defendant's failed to conduct a timely and reasonable inspection of the are to discover the unsecured, open stairwell;
    c. Defendant failed to adequately warn Plaintiff of the unsecured, open stairwell which it knew, or in the exercise of reasonable care should have known existed; and
    d. Defendant failed to secure or otherwise cover the stairwell which it knew, or in the exercise of reasonable care should have known, existed.

ELECTRONICALLY FILED
12/16/2016 4:08 PM
2016-L-012318
PAGE 28 of 27

38. As a direct and proximate result of Defendant, MELISSA L. HAGLE and TODD S. HAGLE's, acts and omissions, Plaintiff fell down an unsecured, open stairwell and suffered the following injuries:
    a. Fracture of the lumbar spine with spinal cord injury, and bruising of the abdomen that caused the Plaintiff to suffer pain and discomfort and are reasonably certain to cause Plaintiff to suffer pain and discomfort in the furture;
    b. Plaintiff has lost a normal life and is reasonably certain to experience the loss of a normal life in the future;
    c. Permanent disfigurement and disability;
    d. Plaintiff lost earnings and benefits and is reasonably certain to lose earnings and benefits in the future;
    e. Plaintiff has suffered and will continue to suffer permanent physical disability from his injuries; and
    f. Plaintiff incurred medical, nursing, hospital, and physical therapy expenses and is reasonably certain to incur medical, nursing, hospital, and physical therapy expenses in the future.

39. Defendants, MELISSA L. HAGLE and TODD S. HAGLE, are liable for the Plaintiff's injuries and damages.

WHEREFORE, the Plaintiff, KRZYZSTOF SALEK, prays this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant, MELISSA L. HAGLE and TODD S. HAGLE, in excess of Thirty Thousand Dollars ($30,000.00), costs, and for such additional relief as the Court deems reasonable and just.

### COUNT IX NEGLIGENCE AS TO TASKIN CONSTRUCTION, INC. (In the Alternative if Plaintiff is a Loaned Servant)

1-32. The Plaintiff reaffirms and re-alleges paragraphs 1-32 of the General Allegations as if restated herein as paragraphs 1-32 of Count IX.

44. On and before December 16, 2016, and at all times relevant, Defendant, TASKIN CONSTRUCTION, INC., was in possession of and/or was in charge of the

ELECTRONICALLY FILED
12/16/2016 4:08 PM
2016-L-012318
PAGE 29 of 27

demolition, erections, construction, repairs, alteration, removal and/or design of the Subject Property.

45. At the aforesaid time and place, the Plaintiff was employed by TASKIN CONSTRUCTION, INC..

46. At aforementioned time and place, and at all times relevant, the Defendant, TASKIN CONSTRUCTION, INC., individually, and through its agents, servants and employees, was present during the demolition, erections, construction, repairs, alteration, removal and/or design of the Subject Property.

47. Defendant, TASKIN CONSTRUCTION, INC., participated or otherwise controlled the coordination of the work being done, controlled the operative details of the work, designated various work methods, maintained and checked work progress, participated in the scheduling of the work and the inspection of the work and controlled safety of work on the Subject Property.

48. Additionally, at all times relevant, Defendant, TASKIN CONSTRUCTION, INC., had authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was performed in a dangerous manner or for any other reason.

49. At all times relevant, Defendant, TASKIN CONSTRUCTION, INC., authorized and/or altered plans to work on the subject property.

50. At all times before and during the incident, Defendants TASKIN CONSTRUCTION, INC., owed Plaintiff the following duties:

   h. A duty to exercise reasonable care in the demolition, erection, construction, repairs, alterations and/or design of the Subject Property;
   i. A duty to exercise ordinary care to ensure the Subject Property was reasonably safe for its subcontractor, namely the Plaintiff;
   j. Secure the subject property;

ELECTRONICALLY FILED
12/16/2016 4:08 PM
2016-L-012318
PAGE 24 of 27

k. Provide a safe work environment to workers, namely the Plaintiff;
  l. A duty to comply with applicable ASME and OSHA safety standards and regulations;
  m. A duty to inspect the Subject Property for unsafe conditions; and
  n. A duty to warn Plaintiff of unsafe conditions on the Subject Property.

51. Defendants breached their duty when they committed one or more of the following negligent acts or omissions:

    g. Defendant failed to conduct a timely and reasonable inspection of the Subject Property to discover the unsecured open stairwell without railings or other adequate safety measures;
    h. Defendant failed to adequately warn Plaintiff of the unsecured, open stairwell without railings or other adequate safety measures;
    i. Failed to follow applicable ASME and OSHA standards and regulations;
    j. Defendant required Plaintiff to work in proximity with the unsecured, open stairwell without railings or other adequate safety measures;
    k. Defendant failed to provide railings or other adequate safety measures for the opening of the stairwell which it knew, or should have known existed; and/or
    l. Defendant otherwise failed to secure or cover the opening of the stairwell which it knew, or should have known existed.

52. Defendants, TASKIN CONSTRUCTION, INC., were the actual cause of the Plaintiff's physical injuries and damages.

53. As a direct and proximate result of Defendants', TASKIN CONSTRUCTION, INC., acts and omissions, Plaintiff fell down an unsecured, open stairwell and suffered the following injuries:

    f. Fracture of the lumbar spine with spinal cord injury and bruising of the abdomen that caused the Plaintiff to suffer pain and discomfort and are reasonably certain to cause Plaintiff to suffer pain and discomfort in the future;
    g. Plaintiff has lost a normal life and is reasonably certain to experience the loss of a normal life in the future;
    h. Plaintiff lost earnings and benefits and is reasonably certain to lose earnings and benefits in the future;
    i. Plaintiff has suffered and will continue to suffer permanent physical disability from his injuries; and
    j. Plaintiff incurred medical, nursing, hospital, and physical therapy expenses and is reasonably certain to incur medical, nursing, hospital, and physical therapy expenses in the future.

ELECTRONICALLY FILED
12/16/2016 4:08 PM
2016-L-012318
PAGE 25 of 27

54. Defendant, TASKIN CONSTRUCTION, INC., is liable for the Plaintiff's injuries and damages.

WHEREFORE, the Plaintiff, KRZYZSTOF SALEK, prays this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant, TASKIN CONSTRUCTION, INC., in excess of Thirty Thousand Dollars ($30,000.00), costs, and for such additional relief as the Court deems reasonable and just.

Respectfully Submitted,

Victor R. Cordova

Groszek Law Firm
3601 N. Pulaski Rd.
Chicago, IL 60641
Attorney No. 41712
Tel./E-Fax 773 267 6100
info@groszeklaw.com

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| KRZYZSTOF SALEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| GREENVIEW BUILDERS AND ) | Calendar: |
| CABINETRY DESIGNERS, INC., ) | |
| VAL'S CONSTRUCTION, INC., ) | JURY DEMANDED |
| VALENTINAS REKULIAKAS, ) | |
| TASKIN CONSTRUCTION, INC., ) | |
| MELISSA L. HAGLE and ) | |
| TODD S. HAGLE, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF DAMAGES PURSUANT TO SUPREME COURT RULE 222

I, Victor R. Cordova, on behalf of The Groszek Law Firm, a duly licensed attorney in the State of Illinois, depose and state as follows:

1. That I am the Plaintiff's attorney in the above captioned matter.

2. That the money damages and debt sought exceeds $30,000.00.

Under penalties of perjury as provided by law pursuant to 735 ILCS 5/1-109, I certify that I have read the above and the statements set forth in this instrument are true and correct, except as to the matters therein stated to be on information and belief and as to such matters I certify as aforesaid that I verify believe the same to be true.

Respectfully Submitted,

Victor R. Cordova

Groszek Law Firm
Robert P. Groszek
Attorney Number 41712
3601 N. Pulaski Rd.
Chicago, IL 60641
Tel./E-Fax (773) 267-6100
info@groszeklaw.com

ELECTRONICALLY FILED
12/16/2016 4:08 PM
2016-L-012318
PAGE 27 of 27